# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: July 5, 2016)

```
* * * * * * * * * * * * *
SARAH MORRIS, on behalf of     *    UNPUBLISHED
her minor child, G.M.,         *
                               *    No. 15-1466
         Petitioner,           *
                               *    Chief Special Master Dorsey
v.                             *
                               *    MMR, Hepatitis A; Hepatitis B;
SECRETARY OF HEALTH            *    Varicella; DTap; Hib; Prevnar;
AND HUMAN SERVICES,            *    Motion to Dismiss; Insufficient Proof.
                               *
         Respondent.           *
* * * * * * * * * * * * *
```

Andrew Downing, Van Cott & Talamante, Phoenix, AZ, for petitioner.
Christine Becer, United States Department of Justice, Washington, DC, for respondent.

## DECISION DISMISSING PETITION[1]

On December 3, 2015, Sarah Morris ("petitioner") filed a petition under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act"), on behalf of her minor child, G.M., alleging that G.M. suffered from a severe adverse reaction to the MMR, Hepatitis A, Hepatitis B, and Varicella vaccinations he received on March 6, 2013, and the DTap, Hib, and Prevnar vaccines he received on June 11, 2013.  Petition at 1.

On June 29, 2016, petitioner filed a Motion to Dismiss.  Motion to Dismiss ("Pet'r's Mot.") dated June 29, 2016 (ECF No. 18).  Petitioner stated that she will likely be "unable to meet her burden of proof as to scientific and medical causation to establish that G.M. is entitled to compensation in the Vaccine Program."  Pet'r's Mot. at 1.  Petitioner also stated that she understands that a decision dismissing her decision will terminate all of her rights in the Vaccine Program.  Furthermore, petitioner wished to retain her right to file a civil action in the future and thus intend to elect to reject the Vaccine Program judgment.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

To receive compensation under the Program, petitioner must prove either: 1) that G.M. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to a vaccination, or 2) that he suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that G.M. suffered a "Table Injury," nor does petitioner allege that he suffered a "Table Injury."  Further, the record does not contain any persuasive evidence indicating that G.M.'s injury was caused by the vaccinations he received on either March 6, 2013, or June 11, 2013.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  However, petitioner has not filed an expert report.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that G.M. suffered a "Table Injury" or that his injuries were caused-in-fact by one or more of his vaccinations.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Nora B. Dorsey  
Nora B. Dorsey  
Chief Special Master